IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TUNG, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LU, et al., | : | NO. 2:10-cv-04667 |

MEMORANDUM

Legrome D. Davis, J.                                                                                                                                                                      January 22, 2013

      This case originated because (according to Plaintiffs' undisputed account of the relevant events), Defendant Shengchun Lu tricked Plaintiffs into investing with him in SCOF USA, Inc., a liquor business. Defendant Lu took Plaintiffs' money, as well as the permits, registrations, and trademarks from SCOF USA, and set up a competing liquor business, Defendant U.S.-China Liquor Group, Inc. To this day, Defendant Lu continues to rely on SCOF USA's property to conduct his new liquor business.

      Defendant Lu and his U.S.-China Liquor Group have failed to appear in any capacity in this action, and Defendant Lu has gone to extraordinary lengths to avoid Plaintiffs' efforts to serve him with process. On May 17, 2012, we granted Plaintiffs' request for default judgment on several of their claims. (Doc. No. 43). In that same Order, we issued a permanent injunction and delineated the terms of the injunctive relief as follows:

> [W]e hereby ORDER Defendants to turn-over both physical and legal possession and control of all trademarks, licenses, registrations, and permits either (1) currently in the name of SCOF USA or (2) that have ever been in the name of SCOF USA. This includes all trademarks, licenses, registrations, and permits presently in the name of Defendant U.S.-China Liquor Group but formerly issued to SCOF USA. Defendants shall make the aforementioned transfer within thirty (30) days of this ORDER. Additionally, Defendants shall immediately cease and

> desist from using any SCOF USA property, tangible or intangible, physical or intellectual, in any way, including to further Defendants' other business(es).

(Doc. No. 43). We also ordered Defendants to answer Plaintiffs' outstanding interrogatories and requests for document production set forth in Plaintiff's Motion to Compel Discovery in Aid of Execution (Doc. No. 36).

On August 24, 2012, Plaintiffs filed a motion, requesting this Court to hold Defendant Lu in contempt for failing to comply with the May 17, 2012 Order. Because due process requires notice and a hearing before one is subjected to contempt for failure to obey a court order, we scheduled a hearing for Defendant Lu to show cause why he should not be held in contempt for failing to comply with this Court's May 17, 2012 Order. (Doc. No. 49). We also instructed Plaintiffs to serve a copy of the "show cause" Order (Doc. No. 49) upon Defendant Lu no later than two weeks prior to the hearing. (Id.)

The hearing occurred on January 10, 2013, and neither Defendant Lu nor a representative on his behalf appeared. Plaintiffs' sworn testimony from the hearing reveals that service of the Show Cause Order (Doc. No. 49) upon Defendant Lu could not be made with due diligence pursuant to McKinney's C.P.L.R. § 308(1) or 308(2). Therefore, service of the Order in accordance with McKinney's C.P.L.R. § 308(4) is appropriate and was properly executed on December 12, 2012.[1] (See Doc. No. 51).

"It has long been recognized that courts possess the inherent authority to hold persons in

---

[1] Based upon the record and hearing testimony, it is also clear that service of the May 17, 2012 Order (Doc. No. 43) can similarly not be made with due diligence pursuant to McKinney's C.P.L.R. § 308(1) or 308(2). Therefore, service of the May 17, 2012 Order in accordance with McKinney's C.P.L.R. § 308(4) is appropriate and was properly executed on June 6, 2012. (See Doc. No. 47).

contempt." U.S. v. Harris, 582 F.3d 512, 514 (3d cir. 2009).  Civil contempt may be imposed when the judge determines that "one has failed to comply with a valid court order."  Id.; see also Fed. R. Civ. Proc. 70.  Throughout the several years of this case, Defendant Lu has taken extraordinary efforts to not only ignore valid court orders, but to evade contact with this case in its entirety.  Based upon the record and the evidence provided at the show cause hearing, it is clear that to this date, Defendant Lu has failed to comply with the requirements of this Court's Order issued on May 17, 2012.  Moreover, having been properly served several weeks prior to the hearing—a hearing that afforded Defendant Lu a full opportunity to explain his reasons for not complying with the Order—Defendant Lu received sufficient due process prior to being subject to civil contempt.  See Roe v. Operation Rescue, 920 F.2d 213, 217 (3d Cir. 1990) (due process before imposing civil contempt requires an "opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case").  For those reasons, Plaintiff's Motion for Contempt (Doc. No. 43) is GRANTED.  An appropriate order follows this memorandum.

                              BY THE COURT:

                              /s/ Legrome D. Davis

                              Legrome D. Davis, J.